IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL BROOMER, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 23-570-GBW |
| : | |
| BRIAN EMIG, Warden, and : | |
| ATTORNEY GENERAL OF THE : | |
| STATE OF DELAWARE, : | |
| : | |
| Respondents. : | |

## **MEMORANDUM**

On September 26, 2024, the Court dismissed Petitioner Michael Broomer's habeas Petition for being time-barred. (D.I. 36; D.I. 37) The Court also declined to issue a certificate of appealability with respect to that decision. (D.I. 36 at 23-24; D.I. 37) On October 2, 2024, Petitioner filed in this Court a notice of appeal for the Third Circuit. (D.I. 39) On October 7, 2024, Petitioner filed in this Court a Motion for an Extension of Time to File a Motion for Reargument concerning the September 26, 2024 dismissal of his habeas Petition. (D.I. 40) On October 8, 2024, the Third Circuit forwarded to this Court a Notice of Appeal dated October 2, 2024. (D.I. 38) On October 17, 2024, Petitioner filed a Motion for Copy of Documents, which the Court granted. (D.I. 45; D.I. 46) On November 14, 2024,

Petitioner filed a second Motion for Extension of Time to File a Motion for Reconsideration, asking for an additional 60 days to file his reconsideration motion. (D.I. 47)

I.   **STANDARD OF REVIEW**

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Motions for reconsideration filed within Rule 59(e)'s 28 day filing period[1] are construed as timely filed Rule 59(e) motions to alter or amend judgment, rather than as Rule 60(b) motions for reconsideration. *See Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e)."). Rule 59(e) is "a device [] used to allege legal error,"[2] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e)

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[2] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

motion is extremely limited,[3] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## II.    DISCUSSION

In his first Motion for an Extension of Time to File a Motion for Reargument, Petitioner asserts: (1) the description of events presented by the prosecution during his trial differs from the description of events presented in this Court's and the state courts' written decisions (D.I. 40 at 1-2); and (2) counsel told Petitioner that there was no deadline for filing a federal habeas petition and also told Petitioner that he would file a habeas petition on Petitioner's behalf. (D.I. 40 at 2) Petitioner requests an extension of time to gather the necessary documents needed to prepare for and write the motion for reargument. (*Id.* at 1)

---

[3]*See Blystone*, 664 F.3d at 415; *see also Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

The Court does not have the authority to extend the time for filing Rule 59(e) or Rule 60(b) motions for reconsideration. *See* Fed. R. Civ. P. 6(b)(2). Nevertheless, given the Court's obligation to liberally construe *pro se* filings, and the fact that Petitioner filed the instant motion within twenty-eight days after the Court's judgment, the Court will refrain from dismissing the motion. Instead, the Court construes Petitioner's first motion to be a Motion for Reargument filed pursuant to Rule 59(e).[4]

Petitioner's contentions do not present any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration of the Court's dismissal of his § 2254 Petition as time-barred. The Court previously considered Petitioner's assertions regarding post-conviction counsel's inaction when it determined that Petitioner's overall allegation of "attorney abandonment"[5] did not trigger equitable tolling. (*See* D.I. 36 at 14-16) Moreover, even if post-conviction counsel advised Petitioner that

---

[4]The Court acknowledges that the filing of a notice of appeal usually transfers jurisdiction from the district court to the appellate court. *See Judkins v. HT Window Fashions Corp.,* 704 F. Supp. 2d 470, 498 (W.D. Pa. 2010). Nevertheless, the Court has jurisdiction to consider the instant construed Rule 59(e) Motion, because Petitioner filed the Motion within Rule 59's twenty-eight day filing period. *See Mondrow v. Fountain House,* 867 F.2d 798, 800 (3d Cir. 1989) (explaining that district courts have "jurisdiction to consider a timely Rule 59(e) motion ... as if no notice of appeal had been filed.").

[5](*See* D.I. 18 at 10; D.I. 32 at 2, 5-6)

there was no filing deadline for habeas petitions, Petitioner already knew about AEDPA's one-year limitations period through Judge Stark's May 8, 2019 Memorandum Order that dismissed Petitioner's first habeas petition without prejudice for failure to exhaust state remedies. (*See Broomer v. Metzger*, Civ. A. No. 19-588-LPS, at D.I. 4 n.2)  Similarly, even if post-conviction counsel stated he would file a habeas petition on Petitioner's behalf, by the time the Delaware Supreme Court issued its decision in Petitioner's Rule 61 appeal, Petitioner knew post-conviction counsel was no longer representing him.  There were four months left in AEDPA's limitations period when the Delaware Supreme Court decided Petitioner's Rule 61 appeal.  Given these circumstances, Petitioner failed to exercise reasonable diligence in filing his own habeas petition during that four-month period.

In sum, Petitioner's arguments do not warrant reconsideration of the Court's determination that equitable tolling is unavailable and its dismissal of the Petition for being time-barred.  Accordingly, the Court will deny the instant Rule 59(e) Motion.

The Court will also deny Petitioner's second Motion for an Extension of Time to file a Motion for Reconsideration, because it does not have the authority to grant such a request.  *See* Fed. R. Civ. P. 6(b)(2).  (D.I. 47)

## III. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's construed Rule 59(e) Motion for Reargument (D.I. 40) and his second Motion for an Extension of Time to File a Motion for Reconsideration (D.I. 47). The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

DATED: November 25, 2024

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE